## STATE OF OREGON,
*Respondent,*

*v.*

## MILTON PORTER, JR.,
*Appellant.*

(No. M020459, CA A20855)

637 P2d 1332

David L. Slader, Portland, argued the cause and filed the brief for appellant.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, and Stephen F. Peifer, Assistant Attorney General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

ROBERTS, J.

## ROBERTS, J.

Defendant was convicted of driving under the influence of an intoxicant. ORS 487.540. He waived a jury trial. Before trial he made a motion to suppress the results of his breathalyzer test. The court admitted the results of the test into evidence at the hearing on the motion to suppress, over the objections of defense counsel. The court then ruled that the results of the test were admissible at trial. Defendant assigns as error the admission of the test results both at the hearing and at trial. The assignments of error are argued as one. We affirm.

■ At issue at the suppression hearing was the comparative credibility of the police and the defendant as to the events surrounding the administration of the breathalyzer test.[1] When the state attempted to introduce the breathalyzer results into evidence at the suppression hearing, counsel for defendant objected on the ground that the statistical data from the machine was "cumulative and repetitive." Defendant had testified that he had consumed three beers in the 12-hour period before his arrest. The statistical information from the breathalyzer, which indicated defendant had a. 27 blood alcohol level, provided evidence which contradicted defendant's version of his degree of intoxication. It was not cumulative, and the court properly overruled the objection on this ground.

■ On appeal, defendant has a different attorney. He now contends that it was improper for the trial court to admit the results of the breathalyzer test at the suppression hearing, because keeping the test results from consideration was the whole object of the motion to suppress. In support of this theory, defendant maintains that the filing of a motion to suppress "sufficiently raised, for appellate review, the issue of admissibility of the challenged breathalyzer results at the hearing on the motion to suppress." The court's ruling indicates that the trial judge understood the underlying

---

[1] Defendant contended, as the basis of his motion to suppress, that he had at first refused to take the test and was not informed of the consequences of such a refusal as required by ORS 487. 805(2). *See also State v. Newton,* 291 Or 788, 799, 636 P2d 393 (1981). Defendant's position was that he was "incorrectly informed of the consequences of said refusal, and, therefore, was misled and tricked into taking the test."

evidentiary issue now raised on appeal and ruled on that basis as well. After admitting the breathalyzer results for purposes of the hearing, the trial court found:

"I will find for the record in this particular case that there was no refusal by Mr. Porter to take the breath test based upon the testimony of the two officers, Calder and Waner [sic]and because there was no refusal by Mr. Porter to take the breath test, therefore, there was no statutory requirement or Due Process or constitutional requirement of any kind that Mr. Porter be advised of the consequences of failing to take the breath test because he indicated a willingness to the officers to take the breath test. And I think the facts support that amply, and *I will state for the record for the purpose of any appellate court review that I discount substantially Mr. Jones' testimony and Mr. Porter's testimony because quite frankly Mr. Porter was way too intoxicated to be able to recall* and be able to testify accurately as to what occurred in the intoxilyzer room at the time. * * * And for those reasons I'm going to rule that the breath test in Mr. Porter's case which is on trial today is admissible." (Emphasis supplied.)

On the merits, we find no error. The defendant's motion to suppress did not contest the test's *accuracy.* Assuming the test's accuracy, it was evidence which the trial judge was entitled to consider in assessing the accuracy of the defendant's recollection.

Affirmed.